IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No.  22-cv-00252-PAB-STV

WARMING TRENDS, LLC,

      Plaintiff,

v.

FLAME DESIGNZ, LLC,

      Defendant.

_____

**ORDER**
_____

      This matter is before the Court on Warming Trends, LLC's Motion for Default

Judgment and Permanent Injunction Against Defendant Flame DesignZ, LLC [Docket

No. 28].

## I.     BACKGROUND[1]

      Plaintiff Warming Trends, LLC ("Warming Trends") is a leading manufacturer of

burners and other fire pit accessories.  Docket No. 1 at 1, ¶ 1.  Warming Trends and

defendant Flame DesignZ, LLC ("Flame DesignZ") are competitors.  *Id*. at 8, ¶ 45.  On

December 19, 2018, Warming Trends and Flame DesignZ executed a settlement and

release agreement (the "agreement") to resolve certain disputes between the parties.

*Id*. at 3, ¶ 14; *see also* Docket No. 1-2 (copy of the agreement).  The agreement

contained a non-competition provision whereby Flame DesignZ agreed it would not sell,

_____

[1] Because of the Clerk of Court's entry of default, Docket No. 23, the factual allegations
in plaintiff's complaint, Docket No. 1, are deemed admitted.  *See Olcott v. Del. Flood
Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

manufacture, or fabricate Jetted Flame Burners for five years from the date of execution and would not sell, manufacture, or fabricate any jets to be used in Jetted Flame Burners for twenty-one years from the date of execution.  Docket No. 1 at 3-4, ¶¶ 15-16. Furthermore, under the terms of the agreement, Flame DesignZ agreed that it could only sell Jetted Flame Burners made by Warming Trends, which Flame DesignZ agreed to acquire from an authorized Warming Trends distributor.  *Id*. at 4, ¶ 17.  The agreement contained a narrow exception allowing Flame DesignZ to sell Jetted Flame Burners produced by third parties if Flame DesignZ received confirmation in writing that Warming Trends did not offer or could not manufacturer the required specifications for the burner.  *Id*., ¶ 18.  "In early 2019, Warming Trends discovered that Defendant was selling and offering for sale various burners, including Jetted Flame Burners, in violation of the non-competition agreement" without an exception.  *Id*., ¶¶ 19-20.

Warming Trends also discovered that Flame DesignZ was advertising certain burners for sale on its website that it was not permitted to sell pursuant to the agreement.  *Id*., ¶ 21.  Flame DesignZ's website also included an unauthorized copy of a Warming Trends video that it was not permitted to feature on the website.  *Id*., ¶ 22.

On February 25, 2020, the U.S. Patent and Trademark Office issued U.S. Patent No. 10,571,117 (the "'117 patent"), entitled "System and Method for Building Ornamental Flame Displays."  *Id*. at 3, ¶¶ 10-11; *see also* Docket No. 1-1 (copy of the '117 patent).  Warming Trends owns all substantial rights and title to the '117 patent. Docket No. 1 at 2, ¶ 9.  Flame DesignZ "sells, uses, causes to be used, provides, supplies, or distributes various burners and fire pit systems that infringe at least claim 1

of the '117 patent," including the "Eco Burner 2.0 burner."  *Id*. at 3, 5, ¶¶ 12, 28.  Flame

DesignZ has knowledge of the '117 patent.  *Id*. at 5, ¶ 29.

The complaint asserts three claims against Flame DesignZ for: 1) patent

infringement; 2) breach of contract; and 3) Lanham Act violations.  *Id*. at 5-8.  Flame

DesignZ has not made an appearance in this case.  On June 13, 2022, the Clerk of the

Court entered default as to Flame DesignZ.  Docket No. 23.  On September 6, 2022,

Warming Trends filed a motion for default judgment against Flame DesignZ.  Docket

No. 28.  Warming Trends is only moving for default judgment and relief for the breach of

contract and patent infringement claims.  *Id*. at 8.  Warming Trends seeks damages and

injunctive relief for the breach of contract claim and injunctive relief for the patent

infringement claim.  *Id*.

## II.    LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process

described in Fed. R. Civ. P. 55.  First, the party must seek an entry of default from the

Clerk of the Court under Rule 55(a).  Second, after default has been entered by the

Clerk, the party must seek judgment under the strictures of Rule 55(b).  *See Williams v.*

*Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished

table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound

discretion."  *Olcott*, 327 F.3d at 1124 (citation omitted).  In exercising that discretion, the

Court considers that "[s]trong policies favor resolution of disputes on their merits."

*Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted).

"The default judgment must normally be viewed as available only when the adversary

process has been halted because of an essentially unresponsive party." *Id.* It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2022 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and

alterations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

## III.   ANALYSIS

### A.   Jurisdiction

Before addressing the merits of Warming Trends's motion for default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over Flame DesignZ.  *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

#### 1.   *Personal Jurisdiction*

The plaintiff bears the burden of establishing personal jurisdiction.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).  The plaintiff can satisfy its burden by making a *prima facie* showing.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  The Court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists.  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further.  *Id.*  The

plaintiff, however, may also make this *prima facie* showing by putting forth evidence

that, if proven to be true, would support jurisdiction over the defendant.  *Id.*

### a)  Service of Process

Proper service is a jurisdictional prerequisite to litigation.  *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit.").  Without proper service, the Court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992). The Federal Rules of Civil Procedure provides that a corporation, partnership, or unincorporated association can be served in the manner prescribed under Rule 4(e)(1) for serving an individual.  Fed. R. Civ. P. 4(h)(1)(A).  Courts have applied Rule 4(h) to limited liability companies.  *See Tague v. Mind Rocket, LLC*, No. 20-cv-00230-REB-KLM, 2020 WL 6710576, at *2 (D. Colo. Nov. 16, 2020); *Avus Designs, Inc. v. Grezxx, LLC*, 2022 WL 17404426, at * 2 (D. Wyo. Dec. 2, 2022); *Kuberski v. Cred X Debt Recovery, LLC*, No. 11-cv-03247-RPM-KLM, 2012 WL 2943726, at *4 (D. Colo. July 2, 2012).  Rule 4(e)(1) allows service to be made "following state law" for either the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1).

Warming Trends argues that service on Flame DesignZ was perfected under Colo. Rev. Stat. § 7-90-704(2).  Docket No. 28 at 4, ¶ 2.  This Colorado statute provides

> [i]f an entity that is required to maintain a registered agent pursuant to this part 7 has no registered agent, or if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served, the entity may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address.  Service is perfected . . . [f]ive days after mailing.

Colo. Rev. Stat. § 7-90-704(2)(c).  An LLC in Colorado is required to maintain a registered agent.  *See* Colo. Rev. Stat. §§ 7-80-204(1)(c), 7-90-701(1).  Warming

Trends provides evidence that Jessi Gentile is the registered agent of defendant and that Warming Trends attempted to serve Ms. Gentile at 8616 Meadowlark Circle, Highlands Ranch, Colorado 80126, the registered agent's address listed on the Colorado Secretary of State's website.  *See* Docket No. 21 at 1, ¶ 2 (citing Docket No. 18).  Warming Trends provides evidence that service was unsuccessful at 8616 Meadowlark Circle, a residential address, because Ms. Gentile no longer lived at the address.  *Id.* (citing Docket No. 18).  Warming Trends subsequently attempted to serve Flame DesignZ at another business address, located at 8890 Federal Blvd., Unit 58D, Denver, Colorado 80260,[2] but the property manager stated defendant was no longer located at the address.  *See id.* at 1-2, ¶ 3 (citing Docket No. 19).  Finally, Warming Trends's investigation located Ms. Gentile at an address in Tennessee and plaintiff unsuccessfully attempted service at that address three times.  *See id.* at 2, ¶ 4 (citing Docket No. 20).  Because the registered agent could not be located at the listed address or be served with reasonable diligence, the Court finds that Flame DesignZ could be served "by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address."  *See* Colo. Rev. Stat. § 7-90-704(2).

On March 9, 2022, Warming Trends mailed a copy of the complaint and summons by certified mail, with a return receipt requested, to Flame DesignZ's principal address listed on the Colorado Secretary of State's website, 8616 Meadowlark Circle, Highlands Ranch, Colorado 80126.  Docket No. 21 at 4, ¶ 11; *see also* Docket No. 21-1.

---

[2] Warming Trends states that Flame DesignZ's principal office address, listed on the Colorado Secretary of State's website, is 8616 Meadowlark Circle, Highlands Ranch, Colorado 80126.  Docket No. 21 at 2 n.1.  Flame DesignZ has another business address, 8890 Federal Blvd., Unit 58D, Denver, Colorado 80260, which is listed on Google, Facebook, and other publicly available sources.  *Id.*

The Court accordingly finds that service on Flame DesignZ has been perfected under Colo. Rev. Stat. § 7-90-704(2).

### b)  Due Process

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).  The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process.  *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).  Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction.  *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).

Warming Trends alleges that "[d]efendant is a limited liability company organized under laws of the State of Colorado with its primary place of business at 8890 Federal Blvd., Unit 58D, Denver, Colorado 80260."  Docket No. 1 at 1, ¶ 2.  For corporations, "the place of incorporation and principal place of business are 'paradig[m]. . . bases for

general jurisdiction.'"  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted).  "Courts have held that *Daimler* applies with equal force to limited liability companies."  *Bliss v. Change Healthcare Operations LLC*, 2021 WL 706770, at *1 (W.D. Okla. Feb. 23, 2021) (collecting cases).  The Court finds that plaintiff's allegations that Flame DesignZ is a Colorado LLC and that its primary place of business is in Colorado are sufficient to establish that the Court has general personal jurisdiction over Flame DesignZ.  *See Daimler*, 571 U.S. at 137; *Bliss*, 2021 WL 706770, at *1; *Howarth*, 2021 WL 4775270, at *2.

### 2.  *Subject Matter Jurisdiction*

Warming Trends argues that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is an action for, among other causes of action, patent infringement under 35 U.S.C. §§ 271, 281, 284-85.  Docket No. 28 at 7; *see also* Docket No. 1 at 2, ¶ 3.  In its motion, Warming Trends does not address the Court's subject matter jurisdiction over the state law breach of contract claim.  *See generally* Docket No. 28.

At every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction.  *See Niemi v. Lasshofer*, 770 F.3d 1331, 1345 (10th Cir. 2014) ("A defect in subject matter jurisdiction can never be waived and may be raised at any time.") (quoting *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076–77 (10th Cir. 1999)); *Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (absent an assurance that jurisdiction exists, a court may not proceed in a case); *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980) (noting that, in every case and at every stage of the

proceeding, a federal court must satisfy itself as to its own jurisdiction).  A court can exercise subject matter jurisdiction over a state law claim through diversity jurisdiction or supplemental jurisdiction.  *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1367(a).

Pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  The citizenship of a limited liability company is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact."  *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (quotation and alteration marks omitted).  "[T]he Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion," and "district courts may decline to exercise supplemental jurisdiction."  *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004).

The Court finds that it has subject matter jurisdiction over the patent infringement claim under 28 U.S.C. § 1338(a).  However, the allegations in the complaint are insufficient to establish that the Court has diversity jurisdiction or supplemental jurisdiction over the breach of contract claim.  The complaint does not establish that the Court has independent diversity jurisdiction over the breach of contract claim because it fails to identify the individual members of each LLC and their citizenships.  *See generally* Docket No. 1*; Century Sur. Co*., 781 F.3d at 1237-38.

Furthermore, the complaint does not establish supplemental jurisdiction over the breach of contract claim.  For the patent infringement claim, the complaint states that Flame DesignZ "sells, uses, causes to be used, provides, supplies, or distributes various burners and fire pit systems that infringe at least claim 1 of the '117 patent," including the "Eco Burner 2.0 burner."  Docket No. 1 at 3, 5, ¶¶ 12, 28.  The '117 patent was issued in February 2020.  *Id*. at 3, ¶ 10.  For the breach of contract claim, the complaint states that, "[i]n early 2019, Warming Trends discovered that Defendant was selling and offering for sale various burners, including Jetted Flame Burners, in violation of the non-competition agreement."  *Id*. at 4, ¶ 19.  Warming Trends states in its motion that it "is aware of three (3) breaching sales by Defendant subject to the terms of the Settlement and Release Agreement."  Docket No. 28 at 3, ¶ 8.  The complaint contains no facts establishing that the breach of contract claim arises from the same "common nucleus of operative fact" as the patent infringement claim, particularly since the alleged breach of contract occurred before the patent was issued.  *See Wolford*, 608 F.3d at 702-03.  "Generally, claims arise out of a common nucleus of operative fact when they involve the same witnesses, presentation of the same evidence, and determination of

the same, or very similar, facts.  *AngioScore, Inc. v. TriReme Med., LLC*, 666 F. App'x 884, 887 (Fed. Cir. 2016) (unpublished) (internal quotations and citation omitted). Warming Trends fails to explain how Flame DesignZ's breach of the settlement agreement involves the same witnesses, evidence, or facts as the patent infringement claim.  *See generally* Docket No. 1; Docket No. 28.[3]

Similarly, Warming Trends also fails to explain whether the Court has supplemental jurisdiction based on the Lanham Act claim.  Plaintiff's motion does not move for default judgment on the Lanham Act claim.  *See generally* Docket No. 28.  In both the complaint and the motion, Warming Trends fails to provide any allegations demonstrating that the three breaches of the settlement agreement involve the same witnesses, evidence, or facts as the federal claim for Lanham Act violations.  *See generally id*; Docket No. 1.

Because Warming Trends has failed to demonstrate that the breach of contract claim shares a common nucleus of operative fact with either the patent claim or the Lanham Act claim, the Court does not have supplemental jurisdiction over the breach of contract claim.  *See Wolford*, 608 F.3d at 702-03; *Trilithic, Inc. v. Wavetek U.S. Inc.*, 6 F. Supp. 2d 803, 806-07 (S.D. Ind. 1998) (holding that a breach of contract claim was outside of the court's supplemental jurisdiction because the contract claim required the

---

[3] To state a claim for patent infringement, a plaintiff must "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked."  *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013).  In contrast, the state law breach of contract claim requires proof of different elements: 1) the existence of a contract; 2) plaintiff's performance; 3) defendant's nonperformance; and 4) resulting damages.  *See Mahajan v. Boxcar Holdings, LLC*, 2019 WL 399230, at *4 n.1 (D. Colo. Jan. 31, 2019) (citing *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)).

determination of completely different facts than the patent infringement claim).  As a result, the Court will deny the portion of the motion requesting default judgment on the breach of contract claim due to plaintiff's failure to establish the Court's subject matter jurisdiction over this claim.  Within fourteen days of the entry of this order, Warming Trends shall show cause why the breach of contract claim should not be dismissed due to the Court's lack of subject matter jurisdiction.

### B.  Default Judgment

The Court has subject matter jurisdiction over the patent infringement claim and therefore will evaluate whether default judgment is warranted on that claim.  The Court must decide "whether the unchallenged facts constitute a legitimate cause of action" such that a judgment should be entered.  *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quotation omitted).  "There must be a sufficient basis in the pleadings for the judgment entered."  *Id*. (quotation omitted).  As previously mentioned, due to the entry of default, the well-pled facts of the complaint are deemed admitted.  *Olcott*, 327 F.3d at 1125.

Warming Trends's claim of patent infringement arises under 35 U.S.C. § 271, which states, "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . infringes the patent."  35 U.S.C. § 271(a).  To state a claim for patent infringement, a plaintiff must "(i) allege ownership of the patent; (ii) name each defendant; (iii) cite the patent that is allegedly infringed; (iv) state the means by which the defendant allegedly infringes; and (v) point to the sections of the patent law invoked."  *Bed Bath & Beyond*, Inc., 705 F.3d at 1362; *see also Pso-Rite.com LLC v.*

*Thrival LLC*, No. 21-cv-00775-PAB-STV, 2022 WL 4536233, at *2 (D. Colo. Sept. 27, 2022).

Warming Trends asserts that it is the owner of the '117 patent, which is a valid and enforceable patent.  Docket No. 1 at 2, 5, ¶¶ 9, 26; *see also* Docket No. 1-1. Warming Trends names the defendant.  Docket No. 1 at 1, ¶ 2.  Warming Trends asserts that "[d]efendant has infringed and continues to infringe at least claim 1 of the '117 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents."  *Id.* at 5, ¶ 27.  Warming Trends states that Flame DesignZ has and continues to "manufacture, sell, offer for sale, use, cause to be used, provide, supply, or distribute one or more burners including, but not limited to, the Eco Burner 2.0 burner (the 'Accused Instrumentalities')."  *Id.*, ¶ 28.  Warming Trends describes that the Accused Instrumentalities infringes claim 1 of the '117 patent because

> [t]he Accused Instrumentalities include a modular burner system comprising a plurality of burners, at least two of the burners including a nipple that is brass and a jet that is brass; in each of the at least two of the burners: the nipple has a first end that is threaded and a second end that is closed; the nipple has a side wall between the first end and the second end, the side wall defining a bore, the bore extends through the first end to the second end; the first end, second end, and side wall of the nipple are of integral, one piece, construction free of joints; the nipple has a threaded hole extending through the side wall of the nipple to the bore; and the jet has a threaded end threadedly engaged with the threaded hole.

*Id.* at 5-6, ¶ 30.

The Court finds that Warming Trends is not entitled to default judgment on the patent infringement claim.  "[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements.  There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes

14

the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). The complaint recites verbatim the elements of claim 1 of the '117 patent. *Compare* Docket No. 1 at 5-6, ¶ 30 *with* Docket No. 1-1 at 20. The complaint contains no other factual allegations describing the Accused Instrumentalities or how those products infringe on the patent claim. *See generally* Docket No. 1; *see also Sony Corp. of America*, 4 F.4th 1342 at 1355 (upholding district court's conclusion that plaintiff did not plausibly allege patent infringement where the allegations were conclusory and merely tracked the claim language). Therefore, the "unchallenged facts" do not "constitute a legitimate cause of action" such that a default judgment should be entered. *See Bixler*, 596 F.3d at 762. Accordingly, the motion for default judgment is denied without prejudice.

## IV.    CONCLUSION

It is therefore

**ORDERED** that Warming Trends, LLC's Motion for Default Judgment and Permanent Injunction Against Defendant Flame DesignZ, LLC [Docket No. 28] is **DENIED without prejudice**. It is further

**ORDERED** that, within **fourteen days** of the entry of this order, Warming Trends shall **show cause** why the breach of contract claim should not be dismissed due to the Court's lack of subject matter jurisdiction. It is further

**ORDERED** that Warming Trends, LLC's Motion for Status Regarding its Motion for Default Judgment Against Defendant Flame DesignZ, LLC [Docket No. 29] is **DENIED as moot**.

DATED January 17, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge