IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-00252-PAB-STV

WARMING TRENDS, LLC,

    Plaintiff,

v.

FLAME DESIGNZ, LLC,

    Defendant.

_____

# ORDER
_____

This matter is before the Court on Warming Trends, LLC's Renewed Motion for Default Judgment and Permanent Injunction Against Defendant Flame DesignZ, LLC [Docket No. 35].

    I.    **BACKGROUND**

        A.  **Factual Allegations**

Plaintiff Warming Trends, LLC ("Warming Trends") is a leading manufacturer of burners and other fire pit accessories. Docket No. 34 at 1, ¶ 1. Warming Trends and defendant Flame DesignZ, LLC ("Flame DesignZ") are competitors. *Id*. at 16, ¶ 62. In 2016, Warming Trends' predecessor in interest filed a lawsuit against Flame DesignZ for trade secret misappropriation. *Id*. at 4, ¶¶ 15-16. In July 2016, Warming Trends filed an application for U.S. Patent No. 10,571,117 (the "'117 patent"). *Id*. at 3-4, ¶¶ 10, 17.

On December 19, 2018, Warming Trends and Flame DesignZ executed a settlement and release agreement (the "agreement") to resolve the litigation between the parties. *Id*. at 4, ¶ 19; *see also* Docket No. 34-2 (copy of the agreement). Jessi Gentile, the manager and CEO of Flame DesignZ, signed the agreement on behalf of defendant. Docket No. 34 at 4, ¶ 20. The agreement contained a non-competition provision whereby Flame DesignZ agreed it would not sell, manufacture, or fabricate Jetted Flame Burners[1] for five years from the date of execution and would not sell, manufacture, or fabricate any jets to be used in Jetted Flame Burners for twenty-one years from the date of execution. *Id*. at 5, ¶¶ 22, 24. Furthermore, under the terms of the agreement, Flame DesignZ agreed that it could only sell Jetted Flame Burners made by Warming Trends, which Flame DesignZ agreed to acquire from an authorized Warming Trends distributor. *Id*., ¶ 25. The agreement contained a narrow exception allowing Flame DesignZ to sell Jetted Flame Burners produced by third parties if Flame DesignZ received confirmation in writing that Warming Trends did not offer or could not manufacturer the required specifications for the burner. *Id*. at 5-6, ¶ 26. "In early 2019, Warming Trends discovered that Defendant was selling and offering for sale various burners, including Jetted Flame Burners, such as the Eco Burner 2.0, in violation of the non-competition agreement" without an exception. *Id*. at 6, ¶¶ 27-28. Warming Trends fully performed all its contractual duties in the agreement. *Id*. at 15, ¶ 57.

On February 25, 2020, the U.S. Patent and Trademark Office issued the '117 patent, entitled "System and Method for Building Ornamental Flame Displays." *Id*. at 3,

---

[1] "Jetted Flame Burners" are defined in the agreement as "any burner or burner system which uses jets to accelerate the flow of gas and mix the gas with air to achieve a taller, brighter flame." *Id*., ¶ 23; *see also* Docket No. 34-2 at 2.

¶¶ 11-12; *see also* Docket No. 34-1 (copy of the '117 patent). Warming Trends owns all substantial rights and title to the '117 patent. Docket No. 34 at 3, ¶ 10. Flame DesignZ has knowledge of the '117 patent. *Id*. at 7, ¶ 38. Flame DesignZ "sells, uses, causes to be used, provides, supplies, or distributes various burners and fire pit systems that infringe at least claim 1 of the '117 patent," including the Eco Burner 2.0 ("the accused instrumentalities"). *Id*. at 4, 7, ¶¶ 13, 37. The accused instrumentalities are constructed of brass and contain a modular burner system. *Id*. at 8-9, ¶¶ 40, 42. The amended complaint includes a photograph of the Eco Burner 2.0, containing six burners with six nipples and ten jets. *Id*. at 8-9, ¶ 41. The amended complaint also contains several screenshots of the Eco Burner 2.0 from a video on YouTube. *Id*. at 10-13. Flame DesignZ has sold and continues to offer for sale Jetted Flame Burners, including the Eco Burner 2.0, both before and after the issuance of the '117 patent. *Id*. at 6, ¶ 33.

The amended complaint asserts three claims against Flame DesignZ: 1) patent infringement; 2) breach of contract; and 3) Lanham Act violations. *Id*. at 7-16. "The sale and construction of Defendant's Eco Burner 2.0 burner is the main basis for Plaintiff's Breach of Contract claim, and the sole basis for plaintiff's Patent Infringement claim." *Id*. at 2, ¶ 4.

### B. Procedural History

Flame DesignZ has not made an appearance in this case. On June 13, 2022, the Clerk of the Court entered default as to Flame DesignZ. Docket No. 23. On September 6, 2022, Warming Trends filed a motion for default judgment against Flame DesignZ. Docket No. 28. On January 17, 2023, the Court denied the motion without prejudice. Docket No. 30 at 15. The Court found that it had personal jurisdiction over

3

Flame DesignZ and that Warming Trends perfected service on Flame DesignZ under Colo. Rev. Stat. § 7-90-704(2). *Id*. at 8-9. The Court found that it had subject matter jurisdiction over the patent infringement claim under 28 U.S.C. § 1338(a), but the Court denied default judgment on this claim because the complaint contained no factual allegations describing the accused instrumentalities. *Id*. at 11, 14-15. For the breach of contract claim, the Court held that Warming Trends failed to establish supplemental jurisdiction or diversity jurisdiction over this state law claim. *Id*. at 11-12. The Court ordered Warming Trends to show cause why the breach of contract claim should not be dismissed due to the Court's lack of subject matter jurisdiction. *Id*. at 15.

On January 26, 2023, Warming Trends filed a motion to amend its complaint, Docket No. 31, which the magistrate judge granted. Docket No. 33. On January 30, 2023, Warming Trends filed an amended complaint. Docket No. 34. On January 31, 2023, Warming Trends filed a renewed motion for default judgment. Docket No. 35. Warming Trends is only moving for default judgment on the breach of contract and patent infringement claims. *Id*. at 8. Warming Trends seeks damages and injunctive relief for the breach of contract claim and injunctive relief for the patent infringement claim. *Id*.

## II.     LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v.*

4

*Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2022 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts

constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

### III. ANALYSIS

#### A. Jurisdiction

Before addressing the merits of Warming Trends' motion for default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over Flame DesignZ. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

##### 1. Subject Matter Jurisdiction

The Court previously found that it had subject matter jurisdiction over the patent infringement claim under 28 U.S.C. § 1338(a). Docket No. 30 at 11. However, the

Court found that the allegations in the complaint were insufficient to establish subject matter jurisdiction over the breach of contract claim and the Court ordered Warming Trends to show cause why the breach of contract claim should not be dismissed. *Id*. at 11-13. In its renewed motion for default judgment, Warming Trends argues that the Court has supplemental jurisdiction over the breach of contract claim because the breach of contract and patent claims both arise from the "sale and construction of Defendant's Eco Burner 2.0." Docket No. 35 at 6.

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact." *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (quotation and alteration marks omitted). "[T]he Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion," and "district courts may decline to exercise supplemental jurisdiction." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004).

The Court finds that it has supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367(a). The breach of contract claim arises from the same "common nucleus of operative fact" as the patent infringement claim because both claims involve defendant's sale of the Eco Burner 2.0. *See Wolford*, 608 F.3d at 702-03. In early 2019, Warming Trends discovered that Flame DesignZ was selling the

Eco Burner 2.0, a Jetted Flame Burner, in violation of the settlement agreement. Docket No. 34 at 6, ¶ 27.  Warming Trends states in its motion that it "is aware of three (3) breaching sales by Defendant" under the agreement, Docket No. 35 at 2, ¶ 7, including one sale on December 9, 2019 and two sales in January 2021.  Docket No. 35-2 at 1-2, ¶¶ 2, 5.  Warming Trends also alleges that Flame DesignZ has infringed at least claim 1 of the '117 patent by manufacturing and selling the Eco Burner 2.0. Docket No. 34 at 7, ¶¶ 36-37.  Flame DesignZ has sold the Eco Burner 2.0 both before and after the issuance of the '117 patent on February 25, 2020.  *Id*. at 6, ¶ 33; *see also* Docket No. 34-1 at 2.  Because the breach of contract claim shares a common nucleus of operative fact with the patent claim, the Court, in its discretion, will exercise supplemental jurisdiction over this claim.  Accordingly, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1367(a).

### 2. Personal Jurisdiction

The plaintiff bears the burden of establishing personal jurisdiction.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).  The plaintiff can satisfy its burden by making a *prima facie* showing.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  The Court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists.  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further.  *Id.*  The plaintiff, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant.  *Id.*

Proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."). Without proper service, the Court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992). The Court previously found that Warming Trends perfected service on Flame DesignZ under Colo. Rev. Stat. § 7-90-704(2) and Fed. R. Civ. P. 4(e)(1) by mailing a copy of the original complaint by certified mail on March 9, 2022, to Flame DesignZ's principal address listed on the Colorado Secretary of State's website. Docket No. 30 at 6-8.

However, Warming Trends filed an amended complaint on January 30, 2023. Docket No. 34. Warming Trends did not serve Flame DesignZ with the amended complaint. Under Fed. R. Civ. P. 5(a)(2), "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." District courts have found that changes to a pleading constitute a "new claim for relief" when a new party is joined, the demand for judgment is altered, the amount of damages sought is increased, new facts are incorporated, or the party seeks new declarations and injunctions. *Bodied by Bella Boutique LLC v. Bodyed by Bella LLC*, 2023 WL 356238, at *4 (D. Utah Jan. 23, 2023) (collecting cases); *see also Glass v. XTO Energy*, 2023 WL 2991105, at *1 (D.N.M. Apr. 18, 2023) (citation omitted) ("When new parties, claims, or substantive factual changes are added to an amended complaint, service on the defaulting party is required under Rule 5(a) of the Federal Rules of Civil Procedure."). "The purpose of Rule 5(a)(2) is to ensure that a party, having been served, is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only

in subsequent complaints that are never served." *MacIntyre v. JP Morgan Chase, Nat'l Ass'n*, No. 13-cv-01647-WJM-MEH, 2014 WL 128032, at *4 (D. Colo. Jan. 14, 2014) (citation, quotations, and alterations omitted).

Flame DesignZ was "in default" at the time the amended complaint was filed. *See* Docket Nos. 23, 34. Warming Trends argues that it was not required to serve the amended complaint on Flame DesignZ under Fed. R. Civ. P. 5(a)(2) because "the Amended Complaint did not assert a new claim for relief." Docket No. 35 at 15.

The Court finds that the amended complaint contains "substantive factual changes" and therefore Warming Trends is required to serve the amended complaint pursuant to Fed. R. Civ. P. 5(a)(2). *See Glass*, 2023 WL 2991105, at *1. As the Court noted in its previous order, the original complaint's description of Flame DesignZ's burners "recite[d] verbatim the elements of claim 1 of the '117 patent" and contained "no other factual allegations describing the Accused Instrumentalities or how those products infringe on the patent claim." Docket No. 30 at 15; *see also* Docket No. 1 at 5-6, ¶ 30. The amended complaint adds new photos depicting the Eco Burner 2.0, as well as substantive allegations describing the accused instrumentalities, including that the Eco Burner 2.0 contains six brass burners with six nipples and ten jets. Docket No. 34 at 7-13, ¶¶ 37, 40-47. Furthermore, the amended complaint adds that the basis of plaintiff's breach of contract claim is Flame DesignZ's "sale and construction" of the Eco Burner 2.0. *Id*. at 2, ¶ 4. The original complaint stated that Warming Trends discovered in early 2019 that defendant was selling "Jetted Flame Burners" in violation of the non-compete agreement. Docket No. 1 at 4, ¶ 19. However, the amended complaint adds that defendant was selling the "Eco Burner 2.0" in violation of the non-compete

agreement.  Docket No. 34 at 6, ¶ 27.  The Court finds that the new factual descriptions and photos of the accused instrumentalities, as well as the identification of the Eco Burner 2.0 as the basis for the breach of contract claim, constitute substantive factual changes.  See Glass, 2023 WL 2991105, at *1 (holding that a change in the amended complaint regarding the name of defendant's employer constituted a "substantive factual change" requiring service under Fed. R. Civ. P. 5(a)(2)); Reid v. City of Detroit, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (holding that a new allegation that defendant "falsely [swore] to an affidavit that was used to obtain a search warrant" constituted a substantial change to the constitutional claim); Portillo v. Smith Commons DC, LLC, 2021 WL 3287741, at *3 n.2 (D.D.C. Aug. 2, 2021) (holding that new facts regarding plaintiff's employment start and end dates, job functions, pay rate, and wages owed constituted substantial factual changes).[2]  Rule 5(a)(2) therefore protects Flame DesignZ's ability to "make an informed decision" about whether to answer the amended complaint given the new factual allegations.  See MacIntyre, 2014 WL 128032, at *4.

Because Warming Trends did not properly serve Flame DesignZ with the amended complaint, the court lacks personal jurisdiction over Flame DesignZ and cannot enter default judgment.

IV.   CONCLUSION

It is therefore

---

[2] The amended complaint also contains new factual allegations regarding the prior litigation between Warming Trends and Flame DesignZ.  Docket No. 34 at 4, ¶¶ 15-16, 18.

11

**ORDERED** that Warming Trends, LLC's Renewed Motion for Default Judgment and Permanent Injunction Against Defendant Flame DesignZ, LLC [Docket No. 35] is **DENIED without prejudice**.  It is further

**ORDERED** that Warming Trends shall serve the amended complaint on Flame DesignZ in accordance with Fed. R. Civ. P. 4 within **90 days** of the entry of this Order.

DATED August 25, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge